UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CHRISTIAN PEARSON,

    Petitioner,

v.

F. GARZA, Warden,

    Respondent.

Civil Action No. 7: 19-01-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Christian Pearson filed a *pro se* petition for a writ of habeas corpus in this action to challenge the imposition of disciplinary sanctions against him for possession of intoxicants. [R. 1] The warden responds that the petition has been rendered moot because the Bureau of Prisons has since expunged the conviction and restored Pearson's good conduct time ("GCT"). [R. 10] Pearson now contends that he wishes to challenge different disciplinary convictions that were considered during the same hearing as his intoxicants charge. [R. 14] Because Pearson did not challenge these separate disciplinary convictions in his petition and the conviction he did challenge has been expunged, the Court will dismiss the petition as moot.

In his petition, Pearson specifically indicated that he was challenging the Disciplinary Hearing Officer ("DHO")'s decision that found him guilty of Incident Report No. 3022964 for possession of intoxicants and imposed various sanctions, including the forfeiture of 364 days of good conduct time ("GCT") and the disallowance of 41 days additional GCT. [R. 1 at Page ID #2] In an accompanying memorandum, Pearson noted in passing that during the October 24, 2017, hearing the DHO decided not only this charge but several other charges that were set forth

1

in separate Incident Reports. [R. 1-1 at Page ID #11] But his arguments in support of his petition are directed towards challenging the narcotics charge, and he does not identify the other charges or their disposition. [R. 1-1 at Page ID #11-25] Likewise, the documents Pearson filed in support of his petition, including the administrative detention order, the Incident Report, and the DHO Report, relate primarily to the intoxicants charge; no documentation is provided regarding any of the other charges. [R. 1-3, R. 1-6, R. 1-10 through 1-13] One document mentions a separate assault charge [R. 1-8], but Pearson made no argument with respect to it, and he did not file either the Incident Report or the DHO Report arising from that charge. For relief, in his petition Pearson specifically "request[ed] to have my 364 days reinstated ... ," which refers to the sanction imposed on the intoxicants charge. [R. 1 at Page ID #8]

The warden's response indicates that the original Incident Report and DHO Report were amended in April 2018, but the BOP could not conclusively establish that these documents were delivered to Pearson as required by BOP regulations and applicable legal precedent. Accordingly, the BOP vacated the disciplinary conviction and restored Pearson's previously-forfeited GCT. As a result, Pearson's projected release date has been recalculated to September 26, 2019. [R. 10 at Page ID # 73-74; R. 10-1 at Page ID #78-79 (Decl. of Joshua C. Billings)] The warden therefore contends that the petition is moot because Pearson has received the relief he sought through his petition. This is unquestionably correct. See, e.g., *Jenkins v. Federal Bureau of Prisons*, No. 2: 17-CV1951-AKK-JEO, 2018 WL 992057, at *2-3 (N.D. Ala. Jan. 11, 2018) (collecting cases and holding that inmate's claims were rendered moot where BOP expunged inmate's disciplinary conviction and rescinded sanctions); *Kass v. Reno*, 83 F. 3d 1186, 1196 (10th Cir. 1996).

In his reply, Pearson contends that during the same October 2017 hearing, the DHO considered and found him guilty of other Incident Reports and that as a

result "a total of 163 days was sanctioned…" For the first time Pearson asks this Court to find these convictions invalid on constitutional grounds. [R. 14 at Page ID # 104-05] The Court will not consider these new claims asserted for the first time in Pearson's reply memorandum. Contrary to his current assertion, Pearson's petition did not explicitly assert nor even suggest a challenge to any other disciplinary conviction. While Pearson's petition made clear reference to his disciplinary conviction for possession of intoxicants and included substantial documentation relevant to it, he provided neither argument nor documentation regarding any of his other disciplinary charges. For the foregoing reasons, the Court declines to entertain any challenge to disciplinary convictions other than the one set forth in the petition and to which the warden has already responded. Because the BOP has expunged that disciplinary conviction and reverted the sanctions imposed, the petition must be denied as moot.

Accordingly, it is **ORDERED** as follows:

1. Pearson's petition for a writ of habeas corpus [R. 1] is **DENIED AS MOOT**.

2. This matter is **STRICKEN** from the active docket.

Entered: May 7, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY